Scott W. Hyder, AZ Bar No. 017282
**LAW OFFICE OF SCOTT W. HYDER, PLC**
3420 East Shea Blvd., Ste. 200
Phoenix, Arizona 85028
Phone: (602) 923-7370
Fax: (602) 795-6010
E-mail: shyder@scotthyderlaw.com
Attorney for Plaintiff/Debtor Rachele K. Scherrer

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>    RACHELE K. SCHERRER,<br><br>Debtor | CHAPTER 7<br><br>Case No. 2:23-bk-00205-BKM<br><br>Adversary No.<br><br>**COMPLAINT FOR VIOLATING THE AUTOMATIC STAY AND DECLARATORY RELIEF TO VOID PART OF DIVORCE DECREE** |
| RACHELE K. SCHERRER,<br><br>            Plaintiff,<br><br>vs.<br><br>DONALD R. SCHERRER, an unmarried man, and DOES I-X,<br><br>            Defendants | |

Plaintiff RACHELE K. SCHERRER ("**Plaintiff**"), by and through counsel undersigned, as and for her complaint against DONALD R. SCHERRER ("**Defendant**"), alleges as follows:

## PARTIES

1.      Plaintiff is an individual domiciled and residing in the Town of Buckeye, Maricopa County, State of Arizona.

1

2.     Plaintiff was also a Chapter 7 debtor in the Bankruptcy Court for the District of Arizona, Case No. 2:23-bk-00205-BKM.

3.     Upon information and belief, Defendant DONALD R. SCHERRER ("**Defendant**") is an unmarried man and is domiciled and residing in the Town of Buckeye, Maricopa County, State of Arizona.

4.     Defendants Does I-X are persons, corporations, or other legal entities whose true names are unknown to Plaintiff, but Plaintiff believes and alleges that they caused and/or contributed to the events complained of herein. At such time as the identity of these Defendants becomes known, Plaintiff will seek leave to amend this Complaint to identify them as same.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to *28 U.S.C. §§ 1334, 151, 157* and *11 U.S.C. § 362*.

6.     Venue is proper in this district pursuant to *28 U.S.C. § 1409(a)*.

7.     This is a core proceeding under *28 U.S.C. § 157(b)*.

8.     Pursuant to *Fed. R. Bankr. P. 7001*, actions against individuals and entities for violating the automatic stay are adversary proceedings.

## BACKGROUND ALLEGATIONS

9.     On or about January 13, 2023, Plaintiff filed her Chapter 7 petition *pro se*.

10.     At the time of filing her Chapter 7 petition, Plaintiff was a respondent in a divorce case filed by Defendant and pending in Maricopa County Superior Court Case No. FC2021-053427 (the "**Family Court Case**").

11.     On May 4, 2023, a trial occurred in the Family Court Case to, among other things, divide community property and assess an equalization payment against Plaintiff.

12.     During the trial, Plaintiff informed Defendant, his counsel, and the judge presiding over the Family Court Case that Plaintiff was currently a debtor in a pending Chapter 7 bankruptcy.

2

13.     In fact, the aforementioned trial took place approximately 10 days before Plaintiff's 341 meeting that was held on May 15, 2023.

14.     Despite Plaintiff informing all participants in the Family Court Case that she was in Chapter 7 bankruptcy, the trial continued in violation of Plaintiff's bankruptcy automatic stay.

15.     Neither Defendant nor his counsel took any measures to stop the trial after learning of Plaintiff's pending bankruptcy case.

16.     As part of the trial in the Family Court Case, the family court judge adjudicated whether Plaintiff would be responsible for certain debts.

17.     As part of the Family Court Case, the family court judge adjudicated the division of the real and personal community property between Plaintiff and Defendant, all of which was property of Plaintiff's bankruptcy estate.

18.     On August 24, 2023, over three (3) months after the aforementioned trial, the judge in the Family Court Case issued a "Decree of Dissolution of Marriage", a copy of which is attached hereto as Exhibit "1" (the "**Decree**").

19.     Under the Decree, the family court found that the division of the community property between Plaintiff and Defendant was not equitable and assessed an equalization payment of $108,000.00 against Plaintiff.

20.     Under the Decree, the family court found that Plaintiff was responsible for certain debts.

21.     In December 2024, Defendant's counsel in the Family Court Case improperly recorded a lis pendens against Plaintiff and her homestead while her bankruptcy was pending.

22.     Shortly after Defendant's counsel recorded the lis pendens, Plaintiff's counsel in the Family Court Case requested from Defendant's counsel to remove the lis pendens. Defendant's counsel refused.

3

23. After Plaintiff was forced to hire and pay a bankruptcy attorney, Defendant's counsel finally released the lis pendens after Plaintiff's bankruptcy counsel threatened to file a stay violation against him.

24. Plaintiff has expended substantial sums in attorneys' fees in appealing the aforementioned equalization payment that was assessed in the Family Court Case.

25. Defendant's conduct has caused Plaintiff to experience significant worries, concerns, and stress that are separate and in addition to the anxiety she already felt about her bankruptcy.

26. Plaintiff's emotions are not fleeting or inconsequential. She has suffered significant emotional harm as a result of Defendant's conduct in willfully and maliciously violating the automatic stay on multiple occasions.

27. The reckless and egregious nature of the Defendant's conduct makes it clear that any reasonable person would suffer significant emotional distress.

28. Additionally, Plaintiff is suffering the burden of legal fees incurred attempting to resolve these issues with Defendant prior to bringing this Adversary Proceeding as well as the costs and fees to bring and pursue this Adversary Proceeding after Defendant has refused to comply with the law.

### Count I – Stay Violation and Declaratory Relief

29. The foregoing paragraphs are incorporated herein by reference.

30. *11 U.S.C. § 362* creates an automatic stay against "all entities" prohibiting any continuation of any judicial proceeding against a debtor and any enforcement against the debtor or property of debtor's bankruptcy estate.

31. Under *11 U.S.C. § 362(b)(2)*, the automatic stay does not prevent the continuing of any civil proceeding: (a) for the establishment of paternity or support; (b) concerning child custody or visitation; (c) for the dissolution of the marriage, "except to the extent that such

4

proceeding seeks to determine the division of property that is property of the estate"; or (d) regarding domestic violence.

32.     The Ninth Circuit Court of Appeals has held that entities have an "unambiguous" and "affirmative duty to comply with the stay." *Sternberg v. Johnston*, 595 F.3d 937, 940 (9th Cir. 2010).

33.     Defendant's conduct in the Family Court Case for obtaining and continuing an adjudication of the division of the marital property, the assessment of the equalization payment, and the division of debt violated Plaintiff's bankruptcy automatic stay.

34.     Defendant's conduct in permitting his counsel to wrongfully recording the lis pendens was also in violation of the automatic stay.

35.     Defendant's conduct was intentional, willful, and malicious, and violated the automatic stay of *11 U.S.C. § 362(a)*.

36.     Plaintiff is entitled to damages pursuant to *11 U.S.C. § 362(k)(1)*.

37.     Defendant's egregious behavior in this case and his general disregard and disrespect of the bankruptcy laws also entitle Plaintiff to punitive damages.

38.     The awards in the Decree that are in violation of the automatic stay are void.

**WHEREFORE**, Plaintiff requests:

A. A judgment finding Defendant liable for violating the automatic stay and awarding Plaintiff compensatory damages, consequential damages, punitive damages, and costs pursuant to *11 U.S.C. § 362(k)*, in an amount proven at trial;

B. A judgment or order declaring that all findings in the Decree that the Bankruptcy Court determines violated the automatic stay are deemed void, invalid, and otherwise unenforceable;

C. A judgment or order enjoining Defendant from enforcing those portions of the Decree that the Court determines violated the automatic stay; and

5

D. For such other relief and further relief as the Court deems just and proper, including but not limited to post-judgment interest as may be allowed by applicable law.

### Count II – Attorney's Fees

39. The foregoing paragraphs are incorporated herein by reference.

40. Plaintiff is entitled to attorney's fees under *11 U.S.C. § 362(k)* and *America's Servicing Company v. Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015).

**WHEREFORE**, Plaintiff requests:

A. An award against Defendant for Plaintiff's reasonable attorney's fees and court costs pursuant to *11 U.S.C. § 362(k)*; and

B. For such other relief and further relief as the Court deems just and proper, including but not limited to post-judgment interest as may be allowed by applicable law.

**DATED** this 23rd day of April, 2025.

LAW OFFICE OF SCOTT W. HYDER, PLC

By: /s/ Scott W. Hyder
Scott W. Hyder, AZ Bar No. 017282
Attorney for Plaintiff

6

# EXHIBIT "1"

(Decree of Dissolution of Marriage)

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

HONORABLE ANDREW RUSSELL

**Donald Richard Scherrer**          Case Number: **FC2021-053427**
        Petitioner

AND

**Rachele Scherrer**
        Respondent

## DECREE OF DISSOLUTION OF MARRIAGE

The parties and their counsel appeared for Trial on May 4, 2023. This is the "evidentiary hearing" referenced below. At that Trial/Hearing, the parties reached several agreements regarding legal decision-making, parenting time, vehicles, debts, and the various factors the Court would use should the Court determine that a "Drahos" calculation is warranted. See May 4, 2023 Minute Entry, pages 2-3.

They also agreed to submit a parenting plan, including vacation and holiday parenting time, no later than May 26th. See id. at page 4. But this submission did not occur until July 12, 2023, when Father submitted his proposed parenting plan. Mother filed her Response to that lodged parenting plan on July 28th, and Father filed a Reply on August 2nd agreeing to Mother's proposed changes. The Court has signed the proposed Parenting Plan, with the agreed-upon changes, and has filed that Parenting Plan as a separate document.

The Evidentiary hearing in this matter occurred on 05/04/2023. The Court has considered the evidence which includes where applicable/presented, the demeanor of the witnesses, reviewed the exhibits as well as the case history, and considered the parties' arguments and agreements.

The Court makes the following findings and enters the following orders:

## JURISDICTIONAL FINDINGS

**THE COURT FINDS** as follows:

- At the time this action was commenced at least one of the parties was domiciled in the State of Arizona and that said domicile had been maintained for at least 90 days prior to filing the Petition for Dissolution of Non-Covenant Marriage.
- The conciliation provisions of A.R.S. § 25-381.09 have either been met or do not apply.
- The parties were married on August 01, 2008. By operation of law, the marital community is deemed to have terminated on February 22, 2022.
- This was not a covenant marriage.
- The marriage is irretrievably broken and there is no reasonable prospect for reconciliation.
- Rachele Scherrer is not pregnant.
- To the extent that it has jurisdiction to do so, the court has considered, approved and made provision for the maintenance of each spouse and the division of property and debts.
- There are minor children common to the parties, namely: Kaden H Scherrer [DOB 4/9/2011], Kaylena H Scherrer [DOB 12/24/2013], Kersten W Scherrer [DOB 10/2/2009].
- Arizona was the children's home state on the date the petition was filed or was the children's home state within six months before the filing and the children are absent from this state but a parent or person acting as a parent continues to live in this state.

HONORABLE ANDREW RUSSELL

**Scherrer and Scherrer**                    Case Number: **FC2021-053427**

- The federal Parental Kidnapping Prevention Act does not apply and that no international law concerning the wrongful abduction or removal of children applies.

## DISSOLUTION OF MARRIAGE

**IT IS ORDERED** dissolving the marriage of the parties and restoring each party to the status of a single person.

## LEGAL DECISION-MAKING AND PARENTING TIME

### Best Interest Findings: A.R.S. § 25-403

**NOTE: "*You must select "Agreement" or "No Agreement" on Parenting Time before text can be displayed***

### Legal Decision-Making

*Legal decision-making authority*, as defined by A.R.S. § 25-401(3), means the legal right and responsibility to make all non-emergency legal decisions for a child including those regarding education, health care, religious training and personal care decisions. For the purpose of interpreting or applying any international treaty, federal law, a uniform code or the statutes of other jurisdictions of the United States, legal decision-making means legal custody.

**For Kaden Scherrer, Kaylena Scherrer and Kersten Scherrer**

**THE COURT FINDS** that based upon the agreements of the parties, it is in the children's best interest that Donald Scherrer and Rachele Scherrer be awarded joint legal decision-making authority.

**IT IS THEREFORE ORDERED** awarding Donald Scherrer and Rachele Scherrer joint legal decision-making authority regarding Kaden Scherrer, Kaylena Scherrer and Kersten Scherrer, as defined in A.R.S. § 25-401(2). For the purpose of this order,

"Joint legal decision-making" means both parents share decision-making and neither parent's rights nor responsibilities are superior except with respect to specified decisions set forth herein. Shared or joint legal decision-making authority does not necessarily mean equal parenting time (A.R.S. § 25-403.02(E)).

**Specific Terms: Decision-Making Authority** – Parental decisions shall be required for major issues in raising the children and in meeting on-going needs. When they arise, each parent shall give good faith considerations to the views of the other and put forth best efforts to reach a consensus decision. If the decision involves medical or schooling issues, the parties may further elect to seek input from treating physicians or educators. Both parents shall be provided with such input.

## CHILD SUPPORT

**THE COURT FINDS that:**

- The relevant financial factors and the discretionary allowances and adjustments which the Court will allow for a current calculation of child support pursuant to the Arizona Child Support Guidelines are set forth in the Child Support Worksheet and order which the Court hereby incorporates and adopts as its findings with respect to child support.

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY
### HONORABLE ANDREW RUSSELL

**Scherrer and Scherrer**                    Case Number: **FC2021-053427**

- **Child Support:** Donald Scherrer is obligated to pay child support to Rachele Scherrer pursuant to the Arizona Child Support Guidelines in the amount of $123.00 per month. Application of the child support guidelines in this case is inappropriate or unjust. The Court has considered the best interests of the child in determining that a deviation is appropriate. After deviation the child support order is $0.00 per month. Based on evidence and testimony presented, the deviated child support amount is in the children's best interests, is appropriate and warranted under the circumstances, and enables both parents to provide the children with the necessities of life, including food, clothing, and shelter. The Court also notes that Mother failed to pay any of the child support previously ordered, now owes Father almost $9,000, and will by paying Father $400 per month toward that arrearage. See below.
- **Support Arrears:** Donald Scherrer owes child support arrearages to Rachele Scherrer in the sum of $8,862.00 for the time period from 04/01/2022 through 05/31/2023 plus accrued interest on prior child support arrearages due of calculated through the date of .

**IT IS THEREFORE ORDERED that:**

- **Child Support:** Donald Scherrer shall pay child support to Rachele Scherrer in the sum of $0.00 per month, payable on the 1st day of each month commencing 09/01/2023 by income withholding order.
- **Arrearage Judgment:** Rachele Scherrer is granted judgment against Donald Scherrer in the amount of $8,862.00 for the period from 04/01/2022 through 05/31/2023, together with interest on said sum at the legal rate of 10% per annum until paid in full plus additional accrued interest on prior child support judgments of calculated through the date of . Donald Scherrer shall pay, in addition to the current support payment, the sum of $400.00 per month towards this judgment on the first (1st) day of each month beginning 09/01/2023 until paid in full

## SPOUSAL MAINTENANCE

Donald Scherrer seeks the following award of spousal maintenance and Rachele Scherrer opposes the award, asserting that Donald Scherrer does not qualify for an award of spousal maintenance.
- $500.00 per month for a term of 24 months

The determination of spousal maintenance is controlled by A.R.S. § 25-319. The threshold question is entitlement, which is controlled by subsection (A) of the statute. It provides as follows:

In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court that lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse for any of the following reasons if it finds that the spouse seeking maintenance:

1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.
   Husband testified that his monthly expenses exceed his monthly income. See Exhibit 1 (Husband's Affidavit of Financial Information). He also testified that he resides with his current girlfriend who helps him pay his alleged expenses. And Husband will receive significant funds from the community portion of the equity in the marital residence. The Court therefore finds that Husband does not lack sufficient property to provide for his reasonable needs.
2. Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or conditions is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient.
   No credible evidence presented.

Scherrer and Scherrer                                    Case Number: **FC2021-053427**

3. Has made a significant financial or other contribution to the education, training, vocational skills, career or earning ability of the other spouse.
   No credible evidence presented.

4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.
   The parties were married for 12-13 years, which the Court does not view as a marriage of long duration.

5. Has significantly reduced that spouse's income or career opportunities for the benefit of the other spouse.
   No credible evidence presented.

**THE COURT FINDS** that in accordance with subsection (A) above, Donald Scherrer is not entitled to an award of spousal maintenance because:
   Petitioner has not established a statutory basis for entitlement to an award of spousal maintenance.
   Therefore, the claim is denied and neither party is entitled to an award of spousal maintenance.

## DIVISION OF PROPERTY AND DEBTS

### Community/Sole and Separate Property Claims and Debts

The Court shall divide any disputed property in accordance with the property's character. Property is characterized by the time of its acquisition. If acquired by either spouse before marriage or acquired during marriage by gift, devise, or descent, property is characterized as separate property. A.R.S. § 25-213(A). The Court shall assign each spouse's sole and separate property to that spouse. A.R.S. § 25-318(A).

Property acquired by either spouse during marriage is characterized as community property (with the exceptions of property acquired by gift, devise, or descent). A.R.S. § 25-211(A). There is a presumption that any property acquired by either spouse during marriage is community property, unless demonstrated otherwise by clear and convincing evidence. *See Sommerfield v. Sommerfield*, 121 Ariz. 575, 578, 592 P.2d 771, 774 (1979). Any property acquired by either spouse outside of Arizona shall be deemed to be community property if such property would have been characterized as community property had it been initially acquired in Arizona. A.R.S. § 25-318(A).

### Equitable Division

The Court shall divide community property equitably, although not necessarily in kind, without any regard to marital misconduct. A.R.S. § 25-318(A). As a general presumption, equitable division requires that community property be divided substantially equally. *See Toth v. Toth*, 190 Ariz. 218, 221, 946 P.2d 900, 903 (1997). However, the court may order an unequal division of community property in consideration of excessive or abnormal expenditures or the destruction, concealment, or fraudulent disposition of property. A.R.S. § 25-318(C).

When dividing property, the Court may consider all related debts and obligations. A.R.S. § 25-318(B). To determine property's value, the court shall select a valuation date. The selection of this valuation date rests within the wide discretion of the trial court and shall be tested upon review by the fairness of the result. *See Sample v. Sample*, 152 Ariz. 239, 242-43, 731 P.2d 604, 607-08 (App. 1986).

### Unequal Division of Property

Scherrer and Scherrer                                    Case Number: **FC2021-053427**

Only rarely is unequal division of community property appropriate to achieve equity. *See Toth*, 190 Ariz. at 221, 946 P.2d at 903 (unequal division of property was appropriate because one spouse contributed substantially disproportionate separate funds compared to the other's contribution); *see also Flower v. Flower*, 223 Ariz. 531, 531, 225 P.3d 588, 588 (App. 2010) (unequal division of property was appropriate because the parties incurred substantial community debt to benefit one spouse's separate property). *But see Inboden v. Inboden*, 223 Ariz. 542, 547, 225 P.3d 599, 604 (App. 2010) (vacating an order for the unequal division of property because each spouse had contributed separate funds to joint property).

The Court shall consider all equitable factors before ordering an unequal division of community property, including: the length of the marriage, the contributions of each spouse to the community, the source of funds used to acquire the property to be divided, the allocation of debt, and any other factor that may affect the outcome. *See Inboden*, 223 Ariz. at 547, 225 P.3d at 604.

**THE COURT FINDS** that this case does not present a unique set of facts or circumstances. Therefore, an equal division of community property is appropriate to achieve equity.

## Real Property

**THE COURT FINDS** that the parties own or have an interest in the following real property:

- Property located at 23682 West Mohave Street, Buckeye, AZ 85326 which is the separate property of Rachele Scherrer with community interest.

**THE COURT FURTHER FINDS** that the Mohave Street property was purchased shortly after the parties' marriage. The parties opted to title the property in Wife's name, with Husband executing a Disclaimer Deed disclaiming any interest in the property. In 2020, the mortgage on the property was refinanced, and instead of adding Husband's name to the property's title, Husband signed a second Disclaimer Deed. The parties clearly intended - and the Court finds - that the Mohave Street property is Wife's sole and separate property.

But no evidence suggests that the parties used anything other than community funds to purchase that property. And until service of the Petition for Dissolution in this case, community funds paid for all expenses related to the property. In determining what portion of the property's equity to characterize as community rather than separate property, "the object is a fair reimbursement of community funds, not an equitable division of property." See Saba v. Khoury, 253 Ariz. 587, 593, paragraph 19, 516 P.3d 891, 897 (2022).

Courts typically use the "Drahos" formula to determine the community interest in a piece of separate property, and Wife asks the Court to do so here. See Amended Joint Pretrial Statement, page 13. But the "Drahos" formula stems from cases where one spouse owned property before the marriage, the community paid the property's expenses (including the mortgage) during the marriage, and the Court must determine the amount of the property's equity to characterize as community vs. separate. Here, the property was purchased during the marriage, using community funds, and the community paid the property's expenses from the date of purchase until the date of service of the Petition for Dissolution. Any increase in the property's value (at least until the date of service) resulted solely from community efforts and each party should be entitled to half of that increase.

The parties agree that the property's value as of the date of service was $400,000. Wife testified that as of the date of service, the outstanding mortgage balance totaled approximately $184,000. Thus, the Court values the community portion of the property's equity at $216,000. The equalization payment below reflects Husband's portion of the community's portion of the property's equity.

## HONORABLE ANDREW RUSSELL

**Scherrer and Scherrer**                    Case Number: **FC2021-053427**

**THE COURT ORDERS** the property at 23682 West Mohave Street, Buckeye, AZ 85326 shall be awarded to Rachele Scherrer as sole and separate property.

## Personal Property

**THE COURT FINDS** that the parties agree to the distribution of the following personal property:

• Motor Vehicles described as Ram Truck valued at $24000.00 to be awarded to Donald Scherrer
• Motor Vehicles described as Altima to be awarded to Rachele Scherrer
• Motor Vehicles described as Trailer valued at $4000.00 to be awarded to Donald Scherrer
• Motor Vehicles described as ATV valued at $9000.00 to be awarded to Donald Scherrer

**IT IS THEREFORE ORDERED:**

• Motor Vehicles described as Ram Truck and valued at $24000.00 to be awarded to Donald Scherrer subject to any liens or encumbrances.
• Motor Vehicles described as Altima to be awarded to Rachele Scherrer subject to any liens or encumbrances.
• Motor Vehicles described as Trailer and valued at $4000.00 to be awarded to Donald Scherrer subject to any liens or encumbrances.
• Motor Vehicles described as ATV and valued at $9000.00 to be awarded to Donald Scherrer subject to any liens or encumbrances.

**IT IS FURTHER ORDERED:**

• Donald Richard Scherrer is awarded as sole and separate property, subject to any liens or encumbrances on the property, all vehicles, household furniture, furnishings and appliances, and other personal property in his/her possession.
• Rachele Scherrer is awarded as sole and separate property, subject to any liens or encumbrances on the property, all vehicles, household furniture, furnishings and appliances, and other personal property in his/her possession.

## Financial Accounts

**THE COURT FINDS** that there are no financial accounts containing community property that require allocation.

## Debts

**THE COURT FINDS** that the parties have an agreement regarding the following community obligations,

| Type of Debt | Description | Amount |
|---|---|---|
| Vehicle Loan | Nissan Altima debt | |
| Vehicle Loan | 2020 Dodge Ram debt | |

**IT IS THEREFORE ORDERED** allocating the agreed upon debts as follows:

• Rachele Scherrer shall be responsible for paying 100% of the Vehicle Loan - Nissan Altima debt.
• Donald Scherrer shall be responsible for paying 100% of the Vehicle Loan - 2020 Dodge Ram debt.

Scherrer and Scherrer                                    Case Number: **FC2021-053427**

**IT IS FURTHER ORDERED**:

- Donald Scherrer shall be solely responsible for any credit card or debt in their name incurred after service of the Petition.
- Rachele Scherrershall be solely responsible for any credit card or debt in their name incurred after service of the Petition.
- Any community debts that were not identified at the time of the trial shall be divided equally between the parties.
- Donald Scherrer shall ensure that Rachele Scherrer's name is removed from all credit accounts assigned to them in this Decree by November 22, 2023.
- Rachele Scherrer shall ensure that Donald Scherrer's name is removed from all credit accounts assigned to them in this Decree by November 22, 2023.
- Each party shall pay any debt incurred by him or her respectively since the date of service of the Petition in the matter.
- Each party shall indemnify and hold harmless from any and all debts designated as the responsibility of that party by the terms set forth in this Decree.

## Retirement Accounts

**THE COURT FINDS** that the parties have agreed to waive and give up their respective interest in any retirement benefits, pension plans and deferred compensation of the other party.

**IT IS ORDERED** that in fairly and equitably allocating the community assets and the community debts, each of the party shall retain only their interest in any retirement benefits, pension plans, and deferred compensation in their own name, and each shall waive such benefits, plans, monies and accounts in the name of the other spouse, if any.

## Equalization

**THE COURT FINDS** that the above allocation of the real and personal property, when considered with the division of debt is not fair and equitable under the circumstances and that the following further adjustments are necessary.

**IT IS THEREFORE ORDERED** that on or before November 18, 2023, Wife will pay Husband an equalization payment in the amount of $108,000. This amount constitutes Husband's portion of the community property interest in the equity in the marital residence.

## <u>RESTORATION OF NAME</u>

**THE COURT FINDS THAT** Rachele Scherrer does not request to have their name restored.

## <u>ATTORNEY FEES AND COSTS</u>

Donald Scherrer has requested an award of attorney fees and costs. An award of attorney fees and costs is governed by A.R.S. § 25-324. A.R.S. § 25-324 provides as follows:

Scherrer and Scherrer                    Case Number: **FC2021-053427**

A.   The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceedings under this chapter or chapter 4, article 1 of this title. On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions. The court may make these findings before, during or after the issuance of a fee award.

B.   If the court determines that a party filed a petition under one of the following circumstances, the court shall award reasonable costs and attorney fees to the other party:

1.   The petition was not filed in good faith.
2.   The petition was not grounded in fact or based on law.
3.   The petition was filed for an improper purpose, such as to harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party.

C.   For the purpose of this section, costs and expenses may include attorney fees, deposition costs and other reasonableness expenses as the court finds necessary to the full and proper presentation of the action, including any appeal.

D.   The court may order all amounts paid directly to the attorney, who may enforce the order in the attorney's name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.

**THE COURT FINDS** that there is no substantial disparity of financial resources between the parties.

**THE COURT FURTHER FINDS** that Donald Scherrer and Rachele Scherrer did not act unreasonably in the litigation.

**THE COURT FURTHER FINDS** that the provisions of A.R.S. § 25-324(B) do not apply.

**THE COURT FURTHER FINDS** that neither Donald Scherrer nor Rachele Scherrer knowingly presented a false claim, knowingly accused the other parent of making a false claim, or violated a court order compelling disclosure or discovery such that an award of attorney fees and costs is appropriate under A.R.S. § 25-415.

**IT IS THEREFORE ORDERED denying** Donald Scherrer's request for attorney fees and costs.

HONORABLE ANDREW RUSSELL

**Scherrer and  Scherrer**                                        Case Number: **FC2021-053427**

## ADDITIONAL ORDERS

     No further claims or issues remain for the Court to decide. Therefore, **IT IS FURTHER ORDERED** pursuant to Rule 78(C), Arizona Rules of Family Law Procedure, this final judgment/decree is signed by the Court and it shall be entered by the Clerk. The time for appeal begins upon entry of this judgment by the Clerk. For more information on appeals, see Rule 8 and other Arizona Rules of Civil Appellate Procedure.

     **IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of this Order that is not expressly granted above.


Done in open Court on: <u>08/22/2023</u>                    _____

                                                Judge Andrew Russell